# Jackson & Dean v. The State.

*Indictment for Robbery.*

1. *Indictment for robbery; averment of value of property taken.*—An indictment for robbery that does not contain a distinct averment of the value of the property alleged to have been taken, is insufficient.

2. *Same.*—An averment in such an indictment charging that the defendant "feloniously took one valise containing clothing of the value of twenty dollars," is an averment that the taking was of the valise and of the clothing contained therein, and that the collective or aggregate value was twenty dollars.

3. *Admissibility of confessions.*—A confession by a defendant made in the absence of threats or promises, or other inducement to avow or disavow his guilt, is admissible, although it was made while the defendant

[Jackson & Dean v. The State.]

was confined in prison, to an officer in charge of, and having authority over him, and in the absence of friends and counsel.

4. *Robbery; proof of value of property taken, when sufficient.*—On a trial for robbery it is not necessary to prove that the property alleged to have been taken, had a specific pecuniary value. It is sufficient that it was not worthless, that it was not wholly unfit for use, or that the owner kept and preserved it as of value to him, although its pecuniary value was nominal, insignificant, or incapable of estimation.

5. *Charge of the court; when should not be given.*—It is the duty of the court to avoid giving of its own motion, and to refuse to give at request of parties, any instruction tending to withdraw from the consideration of the jury, or to divert their attention away from any evidence of a material fact, or from which they could properly infer the existence of such fact.

6. *Robbery; what constitutes violence.*—While it may be true, that the mere stealthy taking, or the sudden, unexpected snatching of goods from the person of another, will not constitute robbery; yet, whenever the taking is resisted, and the resistance is overcome by violence, or whenever resistance is prevented by threats of actual violence, creating a reasonable apprehension of it, the offense is committed.

APPEAL from the City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

At the February term, 1882, of said court, an indictment in the form prescribed by the Code was found against the appellants and another, charging them with robbery. The appellants demurred to the indictment, and their demurrer having been overruled, they were tried on the plea of not guilty. The indictment and the points made by the demurrer are sufficiently set forth in the opinion. The only testimony introduced on the trial showing the circumstances attending the commission of the offense, was that of a boy about eleven years of age, named Joe Reese, from whose person the property is alleged to have been taken. This witness testified, that one night, prior to the finding of the indictment, as he was carrying the valise of Nathan Alexander from the depot to Alexander's room in the city of Montgomery, he was followed by three men, one of whom finally came up to him, and commenced a conversation with him about the valise, and asked his permission to carry the valise for him, stating that it was too heavy for him to carry; that witness let the man take the valise, and after having carried it about two blocks, on request of witness, the man returned the valise to him; that witness then carried the valise to within a short distance of Alexander's room, when the man "snatched hold of the valise and wrenched it from his hands by force," and that the man then put his hand in his pocket and "threatened witness"; and that the man then ran off carrying the valise, in company with the other two men, who had continued to follow witness, and who were very near him when the valise was "snatched" out of his hands. The witness failed to identify the appellants, but there was other evidence

VOL. LXIX.

[Jackson & Dean v. The State.]

tending to show that they were two of the guilty parties. The evidence also showed that the valise contained clothing, and the valise and clothing were worth about twenty dollars. Testimony was also introduced on behalf of the State showing that the appellants, while they were in the guardhouse in the city of Montgomery, as prisoners, and in the absence of friends and counsel, confessed to the chief of police of said city, who had charge of, and authority over them, facts showing their complicity in the commission of the offense, but such confession was not introduced until after it had been shown to the court, that "no threats or promises were made or inducements held out to induce" the appellants to confess. The appellants objected to the introduction of the confession, but their objection was overruled, and they excepted. The appellants asked in writing, three charges, which are as follows: 1. "The indictment only charges the robbery of one of a valise, and the contents alleged is only matter of description of the valise, and the value alleged only applies to the contents; it is, therefore, necessary that the evidence should establish the fact, that the valise in question was of some value, and if the only evidence upon the point is, that the valise and contents were of value about twenty dollars, then the jury can not find that the valise was of any value; and if such be the case, they must acquit." 2. "It is necessary that the evidence should disclose, that the valise, the subject of the larceny, was of some value, and evidence that the valise and contents were of value about twenty dollars, is not, by itself, sufficient to show that the valise was of value." 3. "If the evidence fails to show beyond a reasonable doubt, that property was taken by violence to the person of Joe Reese, or by putting him in such fear as unwillingly to part with the same, they must acquit; and a snatching, without violence to the person is not, of itself, sufficient to constitute robbery." The court refused to give these charges, and the appellants separately and severally excepted. The jury returned a verdict of guilty against the appellants, fixing their punishment, upon which sentence was passed by the court.

J. A. MINNIS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The form of indictment for the offense of robbery, prescribed by the Code, following in this respect approved precedents at common law, contains a distinct averment of the value of the goods taken. Without such an averment an indictment for the offense would not be sufficient.

[Jackson & Dean v. The State.]

The precise point of objection to the present indictment is, that it avers a taking of the valise only, and not a taking of the valise and clothing; and avers the value of the clothing, omitting to aver that the valise was of any value. The averment is in these words: "Feloniously took one valise containing clothing of the value of twenty dollars." This we construe as a charge, that the taking was of the valise holding clothing at the time of the taking, and it then holding the clothing, a taking of the clothing is included; and that the statement of the value is of the collective or aggregate value of the valise and clothing, not of the value of the clothing separately. An indictment for the larceny of several articles is sufficient, if the aggregate value is averred, though for reasons not of importance in cases of robbery, it is the better practice to allege the value of each article separately. In this view the indictment is sufficient, and the demurrer to it was properly overruled.

The confessions of the accused were shown to have been made in the absence of all threats or promises—of all inducements to either of them to avow, or disavow complicity in the offense, and were properly admitted as evidence. The fact that they were made while the accused were in prison to an officer having authority, may in the estimation of the jury have affected their credibility, without affecting their admissibility.

The first and second instructions to the jury, requested by the appellants, are founded on the same construction of the indictment as that on which the demurrer was based, and which we have declined to adopt. They are, however, clearly erroneous as propositions of law. It was not necessary, as these instructions import, that it should have been proved in every event, that the valise had any specific pecuniary value. If there was evidence showing that it was not worthless—that it was not wholly unfit for use, or that the owner kept and preserved it as of value to him, it was the subject of robbery, though the pecuniary value which could be imputed to it was nominal, insignificant, or incapable of estimation. Hence, if by putting in fear, or by actual violence to the person, a promissory note is extorted, this is not robbery, for the note is void; it is of no value to the wrong-doer, and of no detriment to him from whom it is forced. But taking by violence from the person of the prosecutor a slip of paper containg a memorandum of a sum of money, which was due or owing to him from another, is robbery. The paper was not evidence of the debt which could have been used against the debtor, but it was evidence that reminded the prosecutor of the existence and amount of the debt; and, as was said by the court, his keeping of it showed that he considered it of some value. The evidence in the present case, which these instructions had a tendency to

[Johnson v. The State.]

withdraw from the consideration of the jury, was, that the valise and clothing were of the collective value of twenty dollars, and further, that the valise was in the actual use of the owner to hold clothing. These certainly were facts tending to show that it was of value—that it was not worthless.

The third instruction ought not to have been given in view of the evidence. It is the duty of the court to avoid giving of its own motion any instruction having a tendency to withdraw from the consideration of the jury, or to direct their attention from any evidence of a material fact, or from which they could properly infer the existence of such fact. And it is equally the duty of the court to refuse an instruction requested having such tendency. If this instruction had been given, the attention of the jury, to say the least, would have been diverted from the only evidence upon the point on which it makes the case depend—the evidence of the witness from whom the valise was taken, that it was snatched hold of and wrenched from his hands by force, threats being uttered at the same time. It may be true, that the mere stealthy taking, or the sudden, unexpected snatching of goods from the person of another, will not constitute this offense. But whenever the taking is resisted, and the resistance is overcome by violence, the offense is committed.—2 Bish. Cr. Law, § 1167. Or if resistance is prevented by threats of actual violence, creating a reasonable apprehension of it, the offense is complete.—*Ib.* § 1169.

We can find no error in the record of prejudice to the appellants, and the judgment must be affirmed.