# Collins *v.* The State.

*Indictment for Betting at Cards at Public Place.*

1. *Sufficiency of indictment.*—In an indictment for betting at a game of cards played in a public place, or other game prohibited by the statute (Code, § 4209); Form No. 29, p. 994), it is not necessary to specify the thing bet, nor to state its value.

2. *Same.*—Fractional currency of the United States, issued by authority of law, having the uses and purposes of money, an averment that such currency was bet, being equivalent to an averment that money was bet, is sufficient; and the additional words, "of a value and denomination to said jurors unknown," may be rejected as surplusage.

FROM the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

The indictment in this case charged that the defendant, John Collins, "bet fractional currency of the United States, of a value and denomination to said jurors unknown, or other thing of value also unknown, at a game played with cards, or dice, or other substitute or device for cards or dice, at a tavern, inn," &c. The defendant demurred to the indictment, on these grounds: 1st, "because the value and denomination of the fractional currency of the United States, in said indictment alleged to have been bet by defendant, is not averred;" 2d, "because the denomination or value of any thing, in said indictment alleged to have been bet by defendant, is not averred;" 3d, "that said indictment is defective by reason of its failure to aver the denomination and value of the fractional currency of the United States, or other thing of value" The overruling of this demurrer is the only matter here presented for revision.

J. F. OSBORN, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State, cited

*Jacobson v. The State*, 55 Ala. 150 ; *Mitchell v. State*, 55 Ala. 160 ; Code, §§ 4789-90.

BRICKELL, C. J.—The offense charged in the indictment, or intended to be charged, is the betting of money, bank-notes, or other thing of value, at a game with cards, or dice, or a substitute for either cards or dice, played at one of the places prohibited by the statute.—Code of 1876, § 4209. The form of indictment prescribed by the statute does not contain an averment of the thing bet, or of its value. A mere general averment that the defendant bet at a gaming-table, or at a game called keno, or at a game played with cards or dice, or a device or substitute therefor, at one of the places where such playing is unlawful, is sufficient. The averment in the present indictment, that the thing bet was fractional currency of the United States, the denomination and value of which was unknown to the grand jury, " or other thing of value," can well be rejected as mere surplusage. Without such averment, the indictment would have been sufficient.—*Jacobson v. State*, 55 Ala. 151 ; *Mitchell v. State, Ib.* 160. Fractional currency of the United States, issued by authority of an act of Congress, was intended for circulation, and had the uses and properties of money. The averment that it was bet is, therefore, the equivalent of an averment of the betting of money ; and its denomination and value is not an ingredient of the offense. Whether the amount was large or small, the offense was complete.

The only matter which is reserved for the consideration of this court is the sufficiency of the indictment ; and that charged the offense designated by the statute.

Affirmed.

