# Bradford *v.* The State.

*Grand Larceny.*

(Decided June 7, 1906. 41 So. 462.)

1. *Criminal Law; Evidence; Res Gestae; Other Offenses Part of Same Transaction.*—The defendant being indicted for the larceny of a locket, it was competent to show that defendant was in prosecutrix room and remained there while prosecutrix was out, and that on her return defendant was gone and prosecutrix pocket book containing the locket and some money was missing, it all being part of the same transaction.

2. *Same; Subsequent Incriminating Circumstances; Intent to Escape.*—It was proper to admit in evidence that portion of defendant's letter to his mother in which he said, in effect, that they intended to send him to the penitentiary, but it would not be done, as he intended to break jail, as affording an inference that it was inspired by consciousness of guilt.

APPEAL from Montgomery City Court.
Heard before Hon. W. H. THOMAS.

Defendant was indicted, tried and convicted of the larceny of a gold locket of the value of $50, the property of another. The evidence tended to show that the defendant was in the room of the person who lost the locket, and remained there while such person was out, and that on returning to the room defendant was gone, and a pocketbook with the locket in it was missing. It was afterwards found where defendant told the police officer he had left his clothes that morning. The state asked the witness, after she had testified that she had a pocketbook on the dresser in her room with some money and the locket in it, what she missed from her room that morning. The defendant objected to the question. The court overruled the objection, and permitted the witness to answer: "When I left my room, there was a pocketbook with a locket and $10 in money in it, and when I returned the pocketbook, money, and locket were missing." Defendant objected to this answer, and moved to exclude it, which was overruled, to which action the defendant excepted. When the defendant as a witness was being examined, the solicitor asked him on cross examination if he did not write a certain letter, then shown him, to his mother. The defendant objected to this question, but the court overruled the objection, and instructed the witness to answer, and the defendant excepted. The witness admitted writing the letter, and the solicitor offered in evidence a portion of the letter, which is in words and figures as follows: "Montgomery, Ala., October 25, '05. My Dear Mother: I learned to-day that I was indicted, and now I know that they intend to railroad me to the penitentiary, if they can; but they won't, for I am going out of this jail, dead or alive, if I have to kill somebody to do it. If I get away safe, I'm going to South America, and I will write you when I get there. If I had anybody here to get me a file, I could get out of here at night, and no one would know it; but I don't know any one here, so can't get one. So I will have to take my only chance and fight for it." Defendant objected to the introduction of the letter. The court overruled the objection, and permitted the letter

to go to the jury. The defendant was convicted, and sentenced to a term of two years in the penitentiary.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—(No brief came to the Reporter.)

TYSON, J.—The taking of the locket and money constituted the same transaction. It was therefore competent to prove the taking of both, although only the larceny of the locket was charged in the indictment.—*Ray r. State*, 126 Ala. 9, 28 South. 634.

That portion of the letter written by the defendant, admitted in evidence, afforded an inference for the jury that it was inspired by a consciousness of guilt. There was no error in the ruling of the court on this point.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.