# Davis v. The State.

### Robbery.

(Decided Jan. 11, 1912.   57 South. 493.)

*Robbery; Indictment; Variance.*—While the statute requires that the denomination or number of coin or money shall be stated in the indictment, it is only necessary to constitute the offence that the proof should show the taking of some of the coins described in the indictment; hence, where an indictment for robbery alleges the taking of fifteen silver dollars, proof of the taking of eight silver dollars and of subsidiary fractional coin aggregating fifteen dollars and ninety cents does not constitute a variance.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Clisby Davis was convicted of robbery, and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficiently particular.—*Carden v. The State*, 89 Ala. 130; *Gady v. The State*, 83 Ala. 51. There

was no fatal variance between the proof and the allegations.—*State v. Murphy,* 6 Ala. 845; *Grant v. The State,* 55 Ala. 201; *Bates v. The State,* 152 Ala. 77.

PELHAM, J.—While the defendant was confined in jail with several other persons, one of the prisoners so confined (John Pugh by name), was robbed by his fellow prisoners, and he (Pugh) charged the commission of the offense to the defendant and one Morris Brown, who were jointly indicted, charged with having robbed Pugh. The indictment charged that Brown and Davis "feloniously took 15 silver dollars," etc., the property of Pugh, from his person and against his will, etc. Upon arraignment the defendant Davis demanded a severance, which the court granted, and this appeal is from the proceedings in the trial of Davis alone.

The prosecuting witness, Pugh, testified on the trial that he had known the defendant Davis for many years; that he was in the county jail with him and other prisoners on the morning of May 23, 1911, when, about 3 o'clock in the morning, Davis and Brown came into the cell in which he was confined, caught hold of him, held and choked him, and then threw him up against the wall in the corridor, and forcibly took from his person $15.90. The witness further testified that the defendant Davis took the money from his pocket while he was being held by both Brown and the defendant, and that the money forcibly taken from him consisted of eight silver dollars, and the balance "was made up of nickels, dimes, quarters, and halves." The state introduced corroborating evidence, showing by one of the guards and a trusty at the jail that they heard the noise or scuffle and Pugh calling for help, and found Pugh with his clothes torn, and that he complained of having been robbed; and that they found the money hidden in the

toilet closet. The defendant introduced no evidence, but requested the general charge.

The indictment alleges the felonious and forcible taking of 15 silver dollars from the person of one John Pugh; the proof shows the taking of but 8 silver dollars and certain silver coins of small fractional denominations, aggregating $15.90. While the law requires the denominations and numbers of coins to be stated in the indictment, it is not equally strict in its requisition of proof. It is only necessary to constitute the offense and authorize a verdict of guilty, that the proof should show the taking of any of the coins described in the indictment under the circumstances alleged.—*State v. Murphy,* 6 Ala. 845. The specific pecuniary value is not the main element or the ingredient of the offense. —*Newsome v. State,* 107 Ala. 133, 18 South. 206; *Jackson v. State,* 69 Ala. 249.

If the defendant is shown to have forcibly taken 8 of the coins described in the indictment from the person alleged, and under the circumstances designated, this would not constitute a variance. In other words, if it is shown by the evidence that the defendant feloniously and forcibly took from the person of John Pugh 8 silver dollars, and not 15 silver dollars, he would not be entitled to an acquittal, the proof being sufficient to constitute the offense; and the court correctly refused the general charge requested by the defendant.—*Martin v. State,* 125 Ala. 64, 71, 28 South. 92; *Bates v. State,* 152 Ala. 77, 44 South. 695.

The rulings on the evidence are free from error prejudicial to the defendant, and the case will be affirmed.

Affirmed.