# Ware *v.* The State.

## *Robbery.*

(Decided December 17, 1914. Rehearing denied January 12, 1915 67 South. 763.)

1. *Jury; Venire; Quashing.*—The fact that a juror had attended other trials during that week of the court, but was absent on the day of defendant's trial, did not require a quashal of the venire. (Sections 17 and 32, Acts 1909, p. 305.)

2. *Same; Evidence.*—An unsworn statement made to the court over the telephone by a person purporting to be in the office of the absent juror, that the juror had left the state, was hearsay, and could furnish no legal basis for finding such to be the fact.

3. *Indictment and Information; Requisites; Matters Unknown to Grand Jury.*—The general rule is that when a fact is known to or is proven before the grand jury, the indictment should not aver that such fact was unknown, and when it appears at the trial that a fact alleged to have been unknown to the grand jury was known to them, the conviction should not be permitted; yet if the fact alleged to have been unknown was not a material fact, defendant is not entitled to an acquittal. Hence, where the prosecutor testified before the grand jury that a part of the money taken was a five dollar bill of the currency of the United States, an allegation in the indictment, the other property taken being properly described, that defendant took $5, lawful money of the United States of America, a particular description of which was to the grand jury unknown, was immaterial to the identity of the offense, and not such a variance between the allega-

[Ware v. The State.]

tion and the proof as to entitle defendant to a reversal, or a discharge.

4. *Same; Description; Surplusage.*—There being no degrees in the offense of robbery, the value and the amount of the property taken is immaterial, if it has some monetary value, and the description of the property in the indictment is only necessary to show that it had . some monetary value, and to identify the particular acts of robbery intended to be charged; hence, the averment of the taking of $5, a more particular description of which is to the grand jury unknown, could have been rejected as surplusage.

5. *Appeal and Error; Harmless Error; Evidence.*—Where a witness subsequently testified as to the value of the watches alleged to have been taken by defendant, any error in the admission of evidence as to their cost was harmless.

6. *Robbery; Property Taken; Evidence.*—Where the prosecution was for robbery, evidence as to where the prosecutor had bought the watches taken, corroborated by that of the person from whom he bought them, was admissible as it aided in identifying the watches which were recovered as the watches taken.

7. *Same; Instructions; Flight.*—A charge that evidence to show flight of a defendant may be offered by the state, and may be considered in connection with the other evidence, and that on evidence of defendant's flight, it would be for the jury to say whether it was, in fact a flight, and that evidence of flight should be considered in the light of all the other evidence in the case including any explanation thereof, was properly given in a prosecution for robbery.

8. *Same.*—Where it appeared that a short time after the offense of robbery charged, the defendant left the city, and did not return until he was brought back under arrest, the question as to whether he left from a consciousness of guilt, and to escape arrest, or from innocent motives, was for the jury; hence, charges requested asserting that if the jury believed the evidence they could not find any flight from a consciousness of guilt or a desire to escape arrest or punishment, were correctly refused.

9. *Same; Accessories.*—Charges asserting that in felony cases, those punished capitally or by imprisonment in the penitentiary, all parties concerned in its commission, or aiding or abetting its commission by words or actions giving assistance, support or encouragement, would be equally responsible, and that the question of the punishment was left to the discretion of the jury, were proper.

10. *Same; Argumentative.*—On a trial for robbery, charges asserting that before the jury can find defendant guilty, they must be satisfied to a moral certainty, not only that the proof was consistent with his guilt, but was wholly inconsistent with every other reasonable conclusion, and that if the testimony was such that two conclusions could be drawn therefrom, one favoring innocence, and the other establishing guilt, the law and justice demanded that the jury adopt the former and acquit, were argumentative and properly refused.

11. *Same; Burden of Proof.*—A charge asserting that defendant's good character might be considered in connection with all the other evidence, and if it raised a reasonable doubt as to his innocence of the offense charged, the jury should acquit, required an acquittal on

the reasonable doubt of innocence instead of a reasonable doubt of guilt.

12. *Evidence; Confessions.*—Confessions are admissible where the state has introduced evidence amply sufficient to show that they were voluntarily made.

13. *Charge of Court; Covered by Those Given.*—Where a charge so far as correct is substantially covered by written charges given, its refusal does not constitute reversible error.

14. *Same; Weight and Sufficiency of Evidence.*—If there is a probability of defendant's innocence he should not be found guilty.

15. *Same; Presumption of Innocence.*—A charge asserting that the legal presumption of inocence must be regarded by the jury as a matter of evidence to the benefit of which defendant was entitled, and which attended him until the evidence placed his guilt beyond a reasonable doubt and "therefore, you must acquit" was the equivalent of the affirmative charge and was properly refused.

16. *Same; Argumentative.*—A charge asserting that the humane provision of the law is that upon the evidence there should not be a conviction unless, to a moral certainty, it excludes every reasonable hypothesis other than guilt; that no matter how strong the evidence if it might be reconciled with the theory that some other person has committed the offense, then defendant's guilt was not shown by that measure of proof which the law requires, was properly refused as argumentative.

17. *Same; Misleading.*—A charge that in order to convict the jury must find that there was no other reasonable conclusion to be reached, but that of guilt, and that if it did not so find, then the state had no case and they should acquit, was incorrect and misleading.

18. *Same; Elliptical.*—A charge that the jury might take the showing or statement of a certain witness to the jury room along with the indictment and other papers in the case, and in connection with the other evidence might read such statement, and discuss its connection with the other evidence, was objectionable as being elliptical.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Thompson Ware was convicted of robbery, sentenced to 15 years imprisonment, and he appeals. Affirmed.

The facts sufficiently appear. The oral charge of the court set out on page 60 of the record is as follows: Evidence may be offered tending to show flight of a defendant, and, when it is offered by the state, it may be considered by the jury in connection with the other evidence in the case. In the first place, where evidence is offered tending to show defendant's flight, that he went

away from the scene of an alleged offense, it would be for the jury to say was it a flight as a matter of fact. You would have to determine from the evidence whether it was a flight or not, and then you would further consider such evidence in the light of all the other evidence in the case, including any explanation or statement which may be offered by defendant of the alleged flight, and whether it was a reasonable explanation or not, and all the other evidence in the case, giving each part of it such weight as you think it entitled to receive.

The oral charge on page 59 of the record is as follows:

It is the law of Alabama in felony cases, and by felony cases the law means an offense against the criminal law which is punishable capitally or by imprisonment in the penitentiary, so in felony cases all parties who are concerned in the commission of the felony, whether they directly commit the act constituting the felony, or aid and abet in its commission, are held to be equally responsible; so that, whether a party commits by himself the entire act which constitutes a felony, or if he is concerned with another in its commission, if he aids another in its commission, if he assists another in its commission by word or deed, either by words of encouragement, assistance, or support, or by actions giving encouragement, assistance, or support, either party under these circumstances would in the eyes of the law be held to be equally responsible; that is, so far as the personal guilt or innocence is concerned. The question of punishment is one which is always to be fixed by the jury entirely within their own discretion.

The following charges were refused defendant: (X) If you believe the evidence in this case, you cannot find that there was any flight on the part of this defendant.

(Z) I charge you that you cannot find that there was any flight by defendant in this case from a conscious-

ness of guilt or a desire to escape arrest or punishment.

(3) Before you can find defendant guilty, you must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other reasonable conclusion, and, unless you are so satisfied that you would each venture to act upon that decision in the matters of the highest concern to your own interest, then you must find defendant not guilty. (15) If the testimony in this case, in its weight and effect, be such as that two conclusions can be reasonably drawn from it, the one favoring defendant's innocence, and the other tending to establish his guilt, law, justice, and humanity alike demand that the jury should adopt the former and find defendant not guilty.

(17) In all criminal prosecution, the accused may give evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a reasonable doubt of his guilt. (28) If there is a probability of defendant's innocence, he should be found not guilty. (30) The legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefits of which accused is entitled, and, as a matter of evidence, it attends the accused until his guilt is by the evidence placed beyond a reasonable doubt; therefore you must acquit. (35) The humane provision of the law is that, upon the evidence, there should not be a conviction unless to a moral certainty it excludes every reasonable hypothesis other than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of defendant is not shown by that full measure of proof which the law requires. (42) The defendant's good character may be considered in

connection with all the other evidence in the case, and if it generate a reasonable-doubt in the minds of the jury as to defendant's innocence, they must acquit him. (43) The jury must find from the circumstances relied on in this, in order to convict that there is no other reasonable conclusion to be reached but that of defendant's guilt, and, if you do not so find, then the state has failed to make out a case, and it is your duty to acquit.

(K) You will be permitted to take the showing or statement of the testimony of the witness Brown which was introduced in evidence in this case to the jury room with you, along with the indictment and other papers in the case, and, in considering the evidence in this case, it is permissible for you to read such showing and sworn statement of said witness Brown, and to discuss it in connection with all of the other evidence in the case.

ERLE PETTUS, for appellant. The court erred in not quashing the venire.—Acts 1909, p. 317; *Reynolds v. State,* 1 Ala. App. 24; *Howard v. State,* 9 Ala. App. 74. The court erred in admitting evidence of the cost of the watches.—§ 3960, Code 1907; *Mobile v. Little,* 108 Ala. 406; *Louisville Co. v. Lishkoff,* 109 Ala. 136. It is immaterial where Ryan bought the watch.—*Bunzell v. Maas,* 116 Ala. 68; *B. R. & E. Co. v. Clay,* 108 Ala. 234. The court erred in admitting the confessions.—*Patty v. State,* 72 Ala. 244; *Murphy v. State,* 68 Ala. 31. The court erred in its oral charge to the jury.—*Malachi v. State,* 89 Ala. 134; *Ross v. State,* 74 Ala. 532. Under the allegations of the indictment and the proof, the grand jury knew the particular description of the money taken, and defendant was entitled to the affirmative charge.—*Brown v. State,* 120 Ala. 343; *James v. State,* 115 Ala. 83; *Morris v. State,* 97 Ala. 82. There was no flight on the part of defendant, and charges X and G

should have been given.—Authorities supra. Charges
relating to reasonable doubt should have been given.—
*Brown v. State,* 118 Ala. 111; *Walker v. State,* 117 Ala
42; *Pickens v. State,* 115 Ala. 42.

R. C. BRICKELL, Attorney General and T. H. SEAY,
Assistant Attorney General, for the State. The court
properly overruled the motion to quash the venire.—§§
17 and 32, Acts 1909, p. 305. In robbery, it is only nec-
essary to be shown that the property taken had some
monetary value, and proof of its value or what it cost
was not prejudicial.—*Jackson v. State,* 69 Ala. 249.
There was no error in the charge of the court.—*Shep-
herd v. State,* 94 Ala. 102. Defendant was not entitled
to the affirmative charge.—*James v. State,* 115 Ala. 83.
The other charges were properly refused.—*Stone v.
State,* 105 Ala. 60; *Goldsmith v. State,* 105 Ala. 8.

THOMAS, J.—The defendant was charged with rob-
bery, an offense punishable capitally, and was convicted
and given a sentence of 15 years.

The bill of exceptions contains the following state-
ment with respect to the organization of the petit jury.
for the trial, to wit:

"John T. Palmer was a regular juror who had been
organized and impaneled as such for the trial of capital
cases for the week, among which was the case of the
state against [the present defendant] Thompson Ware.
This juror had been in attendance all the week from
Monday, May 18th, till Thursday, May 21st [the day of
the present trial]. All of the jurors, both regular and
special, for the week were called around and qualified
by the court separately for the trial of the present case.
When the name of the above-named juror was called to
be specially qualified for said case, he did not answer,

and the bailiff was directed to, and did, call him from the court door. No other juror or person in the court-room had seen him on the day of the trial, and he failed to answer to repeated calls. The court thereupon recessed for a few minutes, in response to defendant's objection to proceeding with the trial, and ascertained by telephoning to the office of the said juror that he had left early on the morning of that day (May 21st) and was out of the state, and that he would not return to the state till the next week. The party giving this information claimed to have gone to the train with said juror, and claimed that he had an emergency call out of the state."

And then, after reciting, among other things, that "the juror was absent without excuse, without leave of the court, and without the consent of defendant," and that "the defendant moved to quash the venire on the ground of the absence of the juror," and that the motion was overruled, and that defendant excepted, the bill of exceptions continues: "The court then ordered the name of said juror, Palmer, to be stricken from the list of jurors which had been at the time of the trial furnished the defendant for the purpose of selecting a jury; and the name of the said juror, Palmer, was so stricken from the list after the same had been furnished to the defendant to strike the jury, and after the cause had been peremptorily called for trial; and the name of the juror was not stricken by the solicitor for the state, nor by the defendant or his attorneys, but was thus stricken off by order of the court because said juror did not answer when his name was called, but appeared to be absent without excuse, and was reported to have left the city without leave of court; and the defendant then and there duly objected and excepted," etc., to the action of the court in so ordering the striking of the name of the juror and in forcing defendant to trial.

Our jury law (Gen. and Loc. Acts 1909, p. 305) clearly relieves the action of the court, if otherwise it would have been erroneous, of any error, in that, in sections 17 and 32 thereof, it is expressly provided that: "If the sheriff fails to summon any jurors, or if any person summoned fails or refuses to attend the trial, * * * none, or all of these grounds shall be sufficient to quash the venire, or continue the cause."

The juror here, though it does appear that he did attend the other trials that had been had in the court on the several days before defendant was tried, "failed to attend defendant's trial." While it is true that the statement made to the court over the telephone by the person at the juror's office to the effect that the juror had left the state was, since not sworn to, mere hearsay, and could furnish no legal basis, therefore, for finding such to be the fact, yet it was not necessary for the court, in order to proceed legally to the trial without the juror, to find that the juror had left the state. It is, as seen, entirely sufficient to this end that the juror "fails to attend the trial," which fact may be satisfactorily inferred from the failure of the juror to answer when, as here, his name is duly called in the court and at the door of the court. Even before the statute cited, the court was not bound to send for a juror, summoned in a capital case, who fails to answer when his name is called, although it be shown that the juror resides in the city where the court is held and was in the city at the time his name was drawn.—*Johnson v. State,* 47 Ala. 9.

The indictment follows the Code form for charging the offense of robbery (Code, § 7161, form 96), and describes the property taken as: "One gold watch of the value of $95; one gold-filled watch of the value of $3.75; one leather pocketbook of the value of 25 cents; one

pocketknife of the value of 50 cents; one $10 bill of the paper currency of the United States of America; and $5 lawful money of the United States of America, a particular description of which $5 is to the grand jury unknown."

J. E. Ryan, the person alleged to have been robbed, and who was the owner of the said property so alleged to have been taken from his person, testified as a witness for the state, and gave a description of such property, which, in all respects, corresponded with the description set out in the indictment as above quoted, except that he more particularly described the $5 therein mentioned than it is therein described; he stating that it was a $5 bill of the lawful currency of the United States of America, and that he so swore as a witness before the grand jury that found the indictment; while the indictment as seen charges that it was "$5 lawful money [without stating whether it was in coin or currency] of the United States of America, a particular description of which said $5 is to the grand jury unknown." This variance between allegation and proof (the proof showing, as seen, that the $5 was in currency, and that this fact was known to the grand jury, while the allegation shows that such description was not known to them) forms the basis for the defendant's contention that he was entitled to the general affirmative charge which he requested in writing, and which the court refused.

While the general rule is, as appellant contends, that when a fact is known, or is proved, before the grand jury, there is no warrant in the law for them to aver in the indictment that such fact is unknown, and that, consequently, when it appears on the trial that a fact, alleged in the indictment to have been unknown to the grand jury, was known to them, a conviction on such indictment should not be allowed (*Winter v. State,* 90

Ala. 637, 8 South. 556; *Axelrod v. State,* 7 Ala. App. 61, 60 South. 959; *Childress v. State,* 86 Ala. 84, 5 South. 775; *Brown v. State,* 120 Ala. 342, 25 South. 182; *James v. State,* 115 Ala. 83, 22 South. 565; *Morris v. State,* 97 Ala. 82, 12 South. 276), yet, this rule is subject to the qualification that, if the fact alleged to have been unknown was not, in truth, a material fact, nor made so by the character of the averment, then the result mentioned does not follow, and the defendant would not be entitled to an acquittal, although it did appear on the trial that the fact was known to the grand jury.—34 Cyc. 1805; *Brown v. State,* 120 Ala. 342, 25 South. 182; *Bates v. State,* 152 Ala. 77, 44 South. 695; *Davis v. State,* 3 Ala. App. 71, 57 South. 493; *Bradford v. State,* 147 Ala. 95, 41 South. 462; *Carden v. State,* 89 Ala. 130, 7 South. 801; *McGehee v. State,* 52 Ala. 224; *State v. Stedman,* 7 Port. 495; *Lodano v. State,* 25 Ala. 64; *Collins v. State,* 70 Ala. 19; *Newsom v. State,* 107 Ala. 133, 18 South. 206; *Stone v. State,* 115 Ala. 121, 22 South. 275; *Gilmore v. State,* 99 Ala. 154, 13 South. 536.

Here the evidence for the state, as developed in the testimony of the witness mentioned, showed, as stated, that there was taken from him, on the occasion of the alleged robbery, property corresponding in description with every article of the property as set out in the indictment—no more, no less—including the $5. Whether, therefore, this $5 was in coin or currency was, we think, immaterial to the identity of the offense, because the offense was sufficiently otherwise identified in the indictment. The offense being sufficiently otherwise identified therein by a definite description of the other property taken, a general description of the $5 as "$5 lawful money," etc., was sufficient without any additional averment that a further description of the $5 was unknown to the grand jury. Consequently such aver-

ment may be treated and rejected as surplusage.—Authorities supra.

If the indictment had charged the taking of only the $5 mentioned, which was not, under the authorities, sufficiently described without the additional averment that a further description was unknown to the grand ury, then there would be evident merit in the defendant's contention, because in such case the allegation that a further description was unknown to the grand jury was a material one; but the indictment, as seen, goes further, and charges the taking at the same time of, not only the $5, but also $10 and other articles of personal property, each of which, including the $10, is described in the indictment with sufficient particularity to constitute it a valid charge as to them without any additional averment, which is omitted as to them, that a further description was unknown to the grand jury.—Authorities last cited. *Peters v. State*, 100 Ala. 10, 14 South. 896; *Churchwell v. State*, 117 Ala. 124, 23 South. 72; *Thompson v. State*, 106 Ala. 67, 17 South. 512; *Boyd v. State*, 153 Ala. 41, 45 South. 591; *Thomas v. State*, 117 Ala. 84, 23 South. 659; *Burney v. State*, 87 Ala. 80, 6 South. 391; *Grant v. State*, 55 Ala. 201; *Reese v. State*, 90 Ala. 624, 8 South. 818.

In view of this fact, the grand jury might well have omitted, after describing, as they did, the $5 as "$5 lawful money of the United States of America," any averment that a further description of the $5 was to them unknown; since, even without this averment, the indictment would, we think, have been so sufficiently definite in describing the particular offense charged as to meet the requirements of good pleading.—*State v. Murphy*, 6 Ala. 845; *Carden v. State*, 89 Ala. 130, 7 South. 801; *Newsom v. State*, 107 Ala. 133, 18 South. 206; *McGehee v. State*, 52 Ala. 224; *Grant v. State*, 55

Ala. 208; *State v. Stedman,* 7 Port. 495; *Lodano v. State,* 25 Ala. 64; *Collins v. State,* 70 Ala. 19; *Porter v. State,* 58 Ala. 68.

Robbery being an offense in which there are no degrees, the value and amount of the property taken is entirely immaterial, provided it has some monetary value (*Jackson v. State,* 69 Ala. 249), and the description of such property in the indictment is only necessary to the extent of showing that such property is of a character that has some monetary value, and to the extent of identifying and making certain the particular act of robbery that it is intended to charge.

The indictment here having described, as seen, definitely all the other property taken except the $5, the act of robbery charged was, we think, sufficiently identified without a particular description of the $5. If a particular description of the $5 was unnecessary to the identity of the offense, and hence to the validity of the indictment, then an averment that a particular description was unknown to the grand jury was equally unnecessary, and may be rejected as surplusage.—Authorities supra.

The error of the court in permitting the witness Ryan to testify as to what the watches alleged to have been taken cost him was harmless; since he subsequently testified that that was their value. On a charge of robbery it is only necessary that the property taken have some monetary value.—*Jackson v. State,* 69 Ala. 249. This, as seen, sufficiently appeared by legal testimony.

There was no error in allowing the witness Ryan to state where he bought the watches, as this evidence, corroborated by the testimony of the persons from whom he bought them, aided in identifying the watch recovered as the watches that were taken.

Defendant's counsel urge in brief that they should have been permitted to ask the state's witness Streit, who testified with reference to defendant's alleged confessions, as to whether or not "there was any such thing as a third degree" employed in extracting the alleged confession. It appears from the record that the defendant was allowed full latitude in this particular, and that the witness was permitted to answer fully and completely all questions propounded on this subject. He stated that no such methods were employed.

It further appears that the state laid an ample predicate for the introduction of the evidence as to the alleged confessions, which showed prima facie that they were voluntarily made.—*Franklin v. State,* 28 Ala. 9; 1 Mayf. Dig. 204, § 3.

The part of the oral charge with reference to flight that was excepted to on page 60 of the record was free from error.—1 Mayf. Dig. 331, § 17; *Bowles v. State,* 58 Ala. 335; *Ross v. State,* 74 Ala. 532.

So was the action of the court in refusing charges X and Z on the same subject. The evidence shows that a short time after the commission of the offense the defendant did leave the city of Birmingham, and did not return until he was brought back under arrest. Whether he left from a consciousness of guilt and to escape arrest or from innocent motives, as he claims, was for the jury to say.

There was no error in that part of the oral charge, excepted to on page 59 of the record.—*Malachi v. State,* 89 Ala. 134, 8 South. 104.

Charges 3 and 15 were argumentative.—*Stevens v. State,* 6 Ala. App. 6, 60 South. 459.

Charge 17, if a correct exposition of the law, was covered by given charge 16.

Charge 28, though held good in *Fleming v. State,* 150 Ala. 19, 43 South. 219, and *Adams v. State,* 175 Ala. 11, 57 South. 591, is fully covered by given charges 8 and 9.

Charge 30 was patently bad, being in its concluding sentence the equivalent of the affirmative charge.

Charge 35, if not faulty, as being argumentative, is fully covered by given charge 24.

Charge 39 is a practical duplicate of given charge 27.

Charge 42 was bad, if for no other reason, because it asserts that, if the jury have a reasonable doubt of defendant's innocence, they must acquit him; whereas the law is that, if they have a reasonable doubt of his guilt, they must acquit him.

Charge 43 was misleading and incorrect. The correct proposition of law attempted to be set out in this charge is contained in given charges 10 and 22.

Charge K, if not otherwise objectionable, is so because elliptical, in this, that after referring to the showing made for the absent witness, Brown, it asserts that it is permissible for the jury "to discuss the connection with all the other evidence in the case." Evidently something is omitted, since the sentence, as quoted, fails to make sense.

We have discussed the only points urged in brief. As we find no error in the record, the judgment of conviction is affirmed.

Affirmed.