The appellant, Leon Odom, Jr., was convicted of robbery in the first degree. He was sentenced to 25 years in prison.
 I
The appellant argues that the indictment against him was not sufficient to sustain the conviction. Specifically, he argues that the indictment was deficient because, he says, it failed to state the amount of money taken in the robbery. Although the original indictment did not state the amount of money taken, the indictment was subsequently amended. *Page 1172 
The appellant was arraigned on April 9, 1992, and he pleaded not guilty. On October 10, 1992, six months after the appellant was arraigned, he questioned the original indictment and moved to dismiss the indictment for the above-stated reason. The trial court denied the motion, stating that the objection was too late. The trial court was correct. As this court stated in Perry v. State, 568 So.2d 339
(Ala.Cr.App. 1990):
 " 'By appearing and entering a plea at his arraignment, the petitioner waived any irregularities in the indictment unless the indictment was so defective that it left the accused unaware of the nature and cause of the charges against him.' Ex parte Tomlin, 443 So.2d 59, 62-62 (Ala. 1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984). 'Objections to an indictment which is not void may be waived, usually by failure to interpose a timely [Rule 16 (now Rule 15,) motion].' Ex parte Horton, 456 So.2d 1120, 1122 (Ala. 1984)."
568 So.2d at 340.
Robbery is an offense against the person and the "amount of currency or coinage [taken in the robbery] is an immaterial ingredient of the offense" Acres v. State, 548 So.2d 459
(Ala.Cr.App. 1987). The failure of the indictment to allege the amount of money taken in a robbery renders the indictment voidable, not void. Brown v. State, 481 So.2d 1173, 1176
(Ala.Cr.App. 1985). The failure to state a monetary amount "is not so deficient as to deny the accused due process of law."Williams v. State, 49 Ala. App. 74, 76, 268 So.2d 855 (1972). A defect in an indictment that renders it merely voidable is waived by the failure to raise this issue at the appropriate time. Brown, supra. The appellant waived this issue by raising it too late.
 II
The appellant further argues that the trial court erred in allowing the indictment to be amended without his consent. The indictment, which originally failed to state any amount, was amended to state: "the amount and denominations of which are otherwise unknown to the Grand Jury." As the state correctly argues:
 "(a) A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
Rule 13.5, A.R.Crim.P. (Emphasis added.) The amount taken in a robbery is immaterial under Alabama's robbery statutes, §§ 13A-8-40 through 13A-8-44; therefore, the court committed no error in allowing the indictment to be amended without the appellant's consent.
The appellant further contends that the court erred in not dismissing the indictment when it learned that the grand jury did in fact know the amount of money involved in the robbery. A hearing was held, at which time evidence established that the victim of the robbery testified before the grand jury and told them the amount of money taken in the robbery. However, for the following reasons, the court correctly denied the appellant's motion to dismiss the indictment on this ground. This court in Grace v. State, 431 So.2d 1331 (Ala.Cr.App. 1982), addressed this very issue. This court stated:
 "Appellant cites James v. State, 115 Ala. 83, 22 So. 565 (1896) for the following proposition:
 " 'When a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown. . . . When it appears on the trial that the fact or name was known, a conviction on such indictment should not be allowed. It becomes a question of variance between averment and proof.' 115 Ala. at 86, 22 So. at 566.
 "An exception to the above rule, however, is stated in Ware v. State, 12 Ala. App. 101, 67 So. 763 (1914), as follows:
 " '[Y]et, this rule is subject to the qualification that, if the fact alleged to have been unknown was not, in truth, a material fact, nor made so by the character of *Page 1173 
the averment, then the result mentioned does not follow, and the defendant would not be entitled to an acquittal, although it did appear on the trial that the fact was known to the grand jury.' 12 Ala. App. at 110-11, 67 So. at 767.
 "Prior to the enactment of §§ 13A-8-40 et seq. of the 1975 Code of Alabama, there was no statutory robbery in Alabama and the offense was derived from the common law. See Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962); Watts v. State, 53 Ala. App. 518, 301 So.2d 280 (1974). Common law robbery required a 'taking' of property from the person of another, Wilson v. State, 268 Ala. 86, 105 So.2d 66 (1958), although the amount or value of the property taken was immaterial, Sanders v. State, 289 Ala. 224, 266 So.2d 802 (1972); Harris v. State, 44 Ala. App. 449, 212 So.2d 695 (1968).
 "The present robbery statutes, however, do not require a 'taking' of property, Marvin v. State, 407 So.2d 576 (Ala.Cr.App. 1981); Ala. Code §§ 13A-8-40 through 13A-8-44 (1975) (Commentary), so that not only is the value of the property immaterial, but also the indictment need not allege an actual theft to constitute the offense. The operative words of the current robbery statute are 'in the course of committing a theft,' which includes an attempted theft, Marvin v. State, supra, rather than the common law element of an actual 'taking from the person.'
 "In our judgment, therefore, the indictment here sufficiently charged the offense or robbery. The alleged variance between it and the proof in this case related to an immaterial fact, and appellant's motion to exclude was correctly overruled."
431 So.2d at 1333.
For the foregoing reasons the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.