The appellant, Hubert Lane, Jr., appeals from his conviction for unlawful distribution of a controlled substance, a violation of § 13A-12-211, Code of Alabama, 1975. The trial court sentenced the appellant pursuant to the Habitual Felony Offender Act and also enhanced his sentence because the unlawful distribution occurred within a three-mile radius of both a school and a public housing project. See §§13A-12-250 and 13A- 12-270, Code of Alabama 1975. The appellant was sentenced to life imprisonment plus 10 years. The appellant was ordered to pay attorney fees and $50 to the victim's compensation fund.
The evidence adduced at trial tended to establish the following. Mary Luther testified that on October 30, 1991, she and Art Parker were assisting the police in making undercover drug purchases. Luther stated that on October 30, 1991, she was in her vehicle when the appellant stopped her by flashing the lights of his vehicle. According to Luther, the appellant asked her what she needed and she responded, "Two twenties." Luther stated that the appellant had her follow him to the parking area of a ballpark, where he handed her two "rocks" of cocaine. Luther testified that she paid the appellant $40 for the cocaine. Luther testified that she was wearing a recording device at the time of the purchase and that the drug purchase was recorded. Arthur Parker testified that he was with Luther at the time and that he witnessed Luther purchase the substance from the appellant.
Luther stated that after she purchased the substance, she wrapped it in cellophane and gave it to a police officer, Mike McDonald. She stated that the substance she gave the officer was the same substance the appellant had given her and that it had not been altered.
Officer Mike McDonald stated that he arranged for Luther to make the purchase and assisted in equipping her with a recording device so that he could monitor the drug purchase. McDonald stated that after the purchase he met with Luther and she gave him the substance that she had purchased from the appellant. McDonald testified that he placed the substance in an envelope which he sealed and initialed and which was placed in the evidence room of the Opp Police Department. McDonald stated that the next day he took the substance to the forensic lab in Enterprise for testing. He stated that while the substance was in his possession it was not altered.
Mark Crews testified that he is employed by the Alabama Department of Forensic Sciences and that he analyzed the substance provided by McDonald. Crews stated that he determined that the substance was cocaine and that after he analyzed the substance he resealed the substance in a package. *Page 1320 
Marcus Nawlin, an investigator with the Opp Police Department testified that he retrieved the resealed package from the Alabama Department of Forensic Sciences and that he locked it in an evidence locker at the police department, where it remained until it was brought to court for the appellant's trial.
The appellant testified that his name was "Herbert Lane" rather than "Hubert Lane, Jr.," as set forth in the indictment. He stated that he has never been known by the name of Hubert Lane, Jr. He further testified that on July 11, 1990, he had his birth certificate corrected to reflect his name as "Herbert Lane" rather than "Hubbett Lane, Jr." as originally spelled. The appellant testified that he had been convicted previously in Covington County under the name of Herbert Lane, but acknowledged that one of the documents regarding his prior convictions reflect his name as Hubert Lane, Jr. The appellant also denied that he had ever sold cocaine to Mary Luther.
 I
The appellant contends that the trial court erred in failing to dismiss the indictment against him and erred in failing to grant a judgment of acquittal because, he says, the indictment does not properly name him. The appellant's argument is without merit.
The appellant filed a written motion to dismiss the indictment and a motion for a more definite statement before he entered his plea of not guilty, but in those motions the appellant did not raise the ground of misnomer. The appellant failed to bring this specific ground to the attention of the trial court until after the close of the State's evidence at trial. The appellant waived arraignment, but entered a formal plea of not guilty in writing. This Court has held that by entering a plea at arraignment, an accused waives any irregularities in the indictment unless the indictment is so defective that it leaves the accused unaware of the nature and cause of the charges against him. Ex parte Tomlin,443 So.2d 59, 62 (Ala. 1983), cert. denied, 466 U.S. 954,104 S.Ct. 2160, 80 L.Ed.2d 545 (1984); Odom v. State,625 So.2d 1171 (Ala.Crim.App. 1992). When the accused pleads not guilty to a charge in an indictment without raising any question about the name appearing on the indictment, he admits that the name by which he is called in the indictment is his true name. Burnette v. State, 50 Ala. App. 630,282 So.2d 70, 71 (1973). The appellant, although he knew of the alleged error, did not bring the misnomer to the attention of the trial court until after the State had presented all of its evidence and after he entered a plea of not guilty. Therefore, we hold that any irregularity in the indictment was waived for failure to timely and specifically bring it to the attention of the trial court. Odom, 625 So.2d at 1172.
Additionally, we hold that error, if any, in the spelling of the appellant's name in the indictment did not affect the substantial rights of the appellant. The appellant's own documents introduced as evidence reflected that he had been known by other names. His birth certificate evidenced that the appellant was known as Hubett Jr. Lane, and documentation regarding a prior conviction reflected that he was known as Hubert Lane, Jr. Therefore, we cannot hold that the trial court erred.
The trial court properly denied the appellant's motion to dismiss the indictment and the appellant's motion for a judgment of acquittal on the grounds of the alleged misnomer in the indictment.
 II
The appellant argues that the trial court improperly admitted the State's exhibit, which was identified by the State's expert as cocaine, because, he says, the State failed to prove the proper chain of custody for the cocaine.
Mary Luther testified she purchased the cocaine from the appellant and that she wrapped it in cellophane and gave it to Officer McDonald. McDonald testified that Luther gave him the substance that she purchased from the appellant and that he placed the substance in an envelope, which he sealed and initialed. He placed the sealed envelope in the evidence room of the Opp Police Department until the next day, when he took the substance to the forensic lab in Enterprise *Page 1321 
for testing. He stated that while he had possession of the substance it was not altered. The record appears to reflect that Rhonda Hatcher, an employee of the forensic lab, received the evidence on behalf of the forensics lab.
Mark Crews testified that he is employed by the Alabama Department of Forensic Sciences and that he analyzed the substance provided by McDonald. Crews testified that the package was sealed at the top by the officer who brought it to the laboratory. He testified that the package did not appear to have been opened after the officer had sealed it and after it was given to Hatcher. Crews stated that when he opened the package to analyze the contents, he opened it from the bottom of the package. Crews stated that the substance was cocaine and that after he analyzed the substance he resealed the substance in the package.
Marcus Nawlin testified that he retrieved the resealed package from the Alabama Department of Forensic Sciences and locked it in an evidence locker at the police department, where it remained until it was brought to court for the appellant's trial.
The appellant argues that because Rhonda Hatcher did not testify to receiving the package and what occurred with the package during her possession of it, that there was a missing link in the chain of custody, and, as a result, the evidence was inadmissible.
In Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991), the Alabama Supreme Court stated:
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
In this case, although Rhonda Hatcher did not testify, there is no missing link. Mark Crews testified that Hatcher received the item on behalf of the forensic laboratory. Therefore, Hatcher was identified as a link.
Crews further stated that when he obtained the package from Hatcher it was sealed and that the package did not appear to have been tampered with. This Court has held that evidence that an item has been sealed is adequate circumstantial evidence to establish the handling and safeguarding of the item. Grayv. State, 600 So.2d 1076, 1079 (Ala.Crim.App. 1992). Because Crews's testimony identified Hatcher as a link and tended to show each criterion with regard to Hatcher's possession of the evidence, the fact that Hatcher did not testify was only a weak, and not a missing, link in the chain of custody. Ex parte Holton held that a weak link affects only the weight and credibility of the evidence, not its admissibility. 590 So.2d at 920. We, therefore, hold that the trial court did not err in admitting the cocaine as evidence.
 III
The appellant argues that the trial court erred in failing to pose his requested voir dire questions to the jury venire, thereby denying him the right to a fair trial.
At the outset, we note that the trial court has discretion in conducting voir dire examination of the jury venire and a trial *Page 1322 
court's decision in exercising that discretion will not be overturned without a showing of abuse of that discretion. SeeBrowning v. State, 549 So.2d 548 (Ala.Crim.App. 1989).
We note, however, that this issue has not been adequately preserved for our review. The record does not contain the questions posed by the trial judge to the jury venire. " 'It is the appellant's duty to provide this court with a complete record on appeal.' " McCray v. State, 629 So.2d 729,733 (Ala.Crim.App. 1993) (quoting Knight v. State,621 So.2d 394 (Ala.Crim.App. 1993). "We will not assume error from a silent record." 621 So.2d at 395. Therefore, we cannot hold that the trial court abused its discretion because the appellant has failed to present this Court with any evidence to substantiate his contention.
 IV
The appellant argues that the trial court erred in enhancing his sentence pursuant to §§ 13A-12-250 and 13A-12-270, Code of Alabama 1975, because, he says, the State failed to prove that the sale of the cocaine took place within three miles of a public school or a public housing project. This argument lacks merit.
During the appellant's sentencing hearing, Quinton Kelley, executive director for the Opp Housing Authority, stated that the ballpark on Hardin Street where the sale occurred was less than one-fourth of a mile from a public housing project. Mike McDonald testified that he personally traveled from the location of the sale to the housing project and a school and that both are less than three miles away from the location of the sale.
In Cavender v. State, 629 So.2d 721, 723
(Ala.Crim.App. 1993), this Court held that "the State need prove only that the sale occurred within three miles of a school 'by a preponderance of the evidence.' Powell v. State,600 So.2d 1085, 1087 (Ala.Crim.App. 1992). See also Jacksonv. State, 582 So.2d 598, 601 (Ala.Crim.App. 1991)." This burden of proof is equally applicable to establishing the distance from a public housing project. In this case, the evidence was sufficient to support the enhancement of the appellant's sentence under §§ 13A-12-250 and 13A-12-270, Code of Alabama 1975.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.