STATE of Wisconsin, Plaintiff-Respondent,

v.

Lawrence I. LUBOTSKY, Defendant-Appellant.

Court of Appeals

*No. 88–1034–CR. Submitted on briefs November 18, 1988.—
Decided December 28, 1988.*

(Also reported in 434 N.W.2d 859.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *The Law Offices of Alan D. Eisenberg, S.C.,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* assistant attorney general, and *Christopher G. Wren,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Lawrence Lubotsky appeals a judgment convicting him of sexual exploitation of children contrary to sec. 940.203(2), Stats. The sole issue is whether the facts were sufficient to support the trial court's finding that the photographs displayed a "[l]ewd exhibition of the genitals or pubic area," sec.

940.203(6)(b)5, even though the photographs were not in evidence. We conclude that sufficient evidence supports the finding.

This case was tried to the court on three pages of stipulated facts. According to the stipulation, Lubotsky and a man called "Big John" came to the children's home and paid their mother between $30 and $50 to take pictures of the children. B.H.L. stated that "Big John" and Lubotsky took pictures of her and her sister while the two girls were unclothed. B.H.L. also said she had to spread her legs so the two men could take pictures of her vagina.

S.E.L., the sister, corroborated this and stated that both men took pictures of the girls' pubic areas and breasts. S.E.L. also said that Lubotsky had made them stand with their legs spread so he could photograph their vaginas. She added that "Big John" took pictures while the girls undressed, whereas Lubotsky took pictures when they were completely unclothed.

Lubotsky had made a statement to the police that he did not know why he had gotten involved with "Big John" and that he (Lubotsky) was not "turned on" by the pictures or by young naked girls. The mother of the children stated that she had seen the photographs and that they were a series, starting with the children fully dressed and ending with them completely nude. The mother also stated that "Big John" took pictures because that was how he "jacked off."

The section under which Lubotsky was convicted, sec. 940.203(2), Stats., reads as follows:

> No person may photograph, film, videotape, record the sounds of or display in any way a child engaged in sexually explicit conduct.

437

The statutory definition of "sexually explicit conduct" which was relied upon at trial is "[l]ewd exhibition of the genitals or pubic area of any person." Sec. 940.203(6)(b)5.

Lubotsky concedes that he took photographs of the genitals or pubic area of a child. The disagreement is whether the stipulated facts provide a basis for the trial court's finding, beyond a reasonable doubt, that the depiction of the girls' pubic areas was lewd.

We must first determine if the trial court's construction of the word "lewd," as used in sec. 940.203(6)(b)5, Stats., is acceptable. This is a question of law which we review without deference to the trial court. *Lewandowski v. State,* 140 Wis. 2d 405, 408, 411 N.W.2d 146, 148 (Ct. App. 1987). "Lewd" is not defined in sec. 940.203, Stats. Both parties agree that the use of the term "lewd and lascivious behavior" in sec. 944.20, Stats., involving indecent exposure, is of no assistance. ■

The trial court, faced with a definitional void, turned to a dictionary which provided:

> 1. inclined to, characterized by, or inciting to lust or lechery. 2. obscene or indecent as language, songs, etc.

In interpreting a statute wherein a word is not specifically defined, the word must be given its ordinary and accepted meaning; that meaning may be ascertained from a recognized dictionary. *State v. Williquette,* 129 Wis. 2d 239, 248, 385 N.W.2d 145, 149 (1986). ■

The definition used by the trial court is nearly identical to the one contained in *The Random House Dictionary of the English Language* 1106 (2d ed. 1987). Another recognized dictionary defines "lewd" as "incit-

ing to sensual desire or imagination." *Webster's Third New International Dictionary* 1301 (1976). These definitions, we conclude, reflect the ordinary and accepted meaning of the word "lewd." The trial court was correct in its interpretation of the statute.

We now must determine whether the evidence before the trial court was such that it could find that the photographs were lewd. A finding of guilty may rest upon evidence that is entirely circumstantial. *State v. Wyss,* 124 Wis. 2d 681, 692, 370 N.W.2d 745, 751 (1985). In order for circumstantial evidence to meet the "beyond a reasonable doubt" standard, the trier of fact (here, the court) must be convinced that the evidence is sufficiently strong to exclude to a moral certainty every reasonable hypothesis of innocence. *Id.* at 692–93, 370 N.W.2d at 751.

On appeal, we must view such evidence in a manner most favorable to the state. *Id.* at 693, 370 N.W.2d at 751. If more than one inference can be drawn from the evidence, we must follow the inference which supports the finding of the trier of fact, unless the underlying facts were incredible as a matter of law. *See State v. Alles,* 106 Wis. 2d 368, 377, 316 N.W.2d 378, 382 (1982).

We conclude that the facts as set out in the stipulation allowed the trial court to draw an inference that the photographs were lewd. Even giving the descriptions the benefit of the doubt, the photographs were at best indecent. They were used by at least one person for lustful purposes. Accepting the trial court's inference, we conclude that the trial court could ex-

clude, to a moral certainty, every reasonable hypothesis of innocence.

If we were to accept Lubotsky's argument that the state must produce the photographs to obtain a conviction under sec. 940.203(2), Stats., we would be grafting an additional element onto the statute. Subsection (2) is directed against the creation of such materials, not the possession. Certainly, the person who takes numerous lewd photographs and is able to dispose of them, perhaps for profit, is no less culpable than someone with one lewd photograph hidden in a wallet.

*By the Court.*—Judgment affirmed.