Alfonzo Minter was indicted for first degree theft of property, in violation of § 13A-8-3, Code of Alabama 1975; possession of marijuana, in violation of § 20-2-70(a), Code of Alabama 1975; and also under the statute which forbids certain persons from possessing a pistol, in violation of § 13A-11-76, Code of Alabama 1975. The pistol charge was dismissed at the request of the State and the trial court dismissed the marijuana charge at the close of the State's case. The appellant was convicted of first degree theft and was sentenced to life imprisonment as a habitual felony offender.
The record reveals that on February 25, 1988, at approximately 3:00 p.m., the appellant was looking at used cars at Edwards Chevrolet Company in Birmingham. Jim Yerby, a car salesman for Edwards Chevrolet, testified that he spoke with the appellant for five or ten minutes about a 1985 Pontiac Trans Am and that he then took the appellant for a test drive. Yerby stated that, after he drove the car, he was going to give the appellant a chance to drive. Yerby testified that he got out of the car and put the transmission in neutral. After a brief discussion behind the car with the appellant, the appellant got in the car on the driver's side. The passenger side was locked. Yerby testified that he told the appellant to open the door, but that the appellant drove away. Yerby saw Patrol Officer Joseph Nolan shortly thereafter and reported the incident.
Police Officer Richard Miller was on patrol on February 27, 1988, when he saw a Trans Am parked in the lot of a Big B drugstore. He testified that the car attracted his attention because the store was closed. After answering another call, he *Page 203 
returned to the parking lot. Miller then ran the tag number through a police computer and discovered that it was a stolen vehicle. He testified that he saw the appellant behind the wheel with the seat laid back. After the appellant got out of the vehicle, Miller found a pistol and a plastic bag with what appeared to be marijuana in the open console beside the driver's seat.
Beverly Whitt, an auto theft detective sergeant with the Birmingham Police Department, testified that, after Minter was properly advised of his Miranda rights, the appellant gave a written statement, the pertinent part of which stated, "When he got out of the car to let me drive back, I jumped in the car and took off."
The appellant raises two issues on appeal.
 I
The appellant contends that he was denied a fair trial because the trial judge improperly consolidated the three charges for trial. The record reveals that the charges were consolidated for trial on May 31, 1988, after a hearing. However, there is nothing in the record to indicate that the appellant ever objected to this consolidation. Our review is limited to matters properly raised in the trial court.Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984) (and cases cited therein). This court is bound by the record and we cannot consider arguments not supported by the record. Fuller v.State, 472 So.2d 452 (Ala.Cr.App. 1985); Moore v. State,457 So.2d 981 (Ala.Cr.App. 1984), cert. denied, 470 U.S. 1053,105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Hollins v. State,415 So.2d 1249 (Ala.Cr.App. 1982). There is no objection to the order of consolidation in the record and, therefore, the appellant failed to preserve this issue for appeal.
Our review of the record also indicates that the appellant failed to move for a severance and, therefore, his right to a severance was waived. A.R.Crim.P. (Temp.) 15.3(e).
 II
The appellant argues that there was insufficient evidence to support his conviction for theft, particularly on the element of "intent to deprive." The law is well settled that the element of intent may be inferred from surrounding facts and circumstances. McCord v. State, 501 So.2d 520
(Ala.Cr.App. 1986); McMurphy v. State, 455 So.2d 924
(Ala.Cr.App. 1984).
In Crowder v. State, 476 So.2d 1241 (Ala.Cr.App. 1985), this court held that the defendant's failure to return a car after an alleged test drive, along with his statement that the car belonged to him, was sufficient evidence of intent to deprive. The record in this case indicates that the appellant refused to unlock the passenger door for the salesman and then drove away in the car. Furthermore, the appellant's written statement is evidence of his intent. The jury could, therefore, easily find an intent to deprive.
A conviction will not be set aside on the ground of insufficiency of evidence unless, "allowing all reasonable presumptions for its correctness, the preponderance of the evidence is so decided as to clearly convince this Court that it was wrong and unjust." Wilbourn v. State, 457 So.2d 1001,1004 (Ala.Cr.App. 1984). See also Fletcher v. State,460 So.2d 341 (Ala.Cr.App. 1984); Morton v. State, 338 So.2d 423
(Ala.Cr.App. 1976), cert. denied, 338 So.2d 428 (Ala. 1976).
There is sufficient evidence to support the appellant's conviction. Furthermore, we find the appellant's argument that there was insufficient evidence of deprivation, as well as his argument that he should have been charged under § 32-8-8, Code of Alabama 1975, to be totally without merit.
For the reasons stated above, we find that this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 669