Forty-six-year-old Bruce Edward Perry was convicted for allowing his 15-year-old daughter to engage in the production of obscene matter in violation of Alabama Code 1975, §13A-12-196, and was sentenced to 10 years' imprisonment. He was also convicted of sexual abuse in the second degree in violation of § 13A-6-67 and sentenced to 12 months in the county jail. Perry raises four issues on this appeal from those convictions.
 I
Perry contends that § 13A-12-196 is "overbroad" and unconstitutional. Perry was arraigned in February 1989. In May of that same year, 14 days before trial, he filed a motion to dismiss and "move[d] the Court to dismiss the indictment because Code of Alabama 1975 as amended § 13A-12-196 is unconstitutional." The motion cited no grounds in support of this contention and was denied without a hearing.
"By appearing and entering a plea at his arraignment, the petitioner waived any irregularities in the indictment unless the indictment was so defective that it left the accused unaware of the nature and cause of the charges against him."Ex parte Tomlin, 443 So.2d 59, 62-63 (Ala. 1983), cert. denied,466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984). "Objections to an indictment which is not void may be waived, usually by failure to interpose a timely [Rule 16 motion]." Exparte Horton, 456 So.2d 1120, 1122 (Ala. 1984). Rule 16.3(a), A.R.Cr.P.Temp., provides: "Any motion which must under Temporary Rule 16.2 be made before trial must be made: (1) In circuit court at or before arraignment or by such later date as may be set by the court." Here, there is nothing in the record to show that the court set a later date.
Moreover, in addition to being untimely, the motion to dismiss was extremely general and preserved nothing for review. "In our opinion no error can be attached to the lower court's ruling in this premise because of the general and nonspecific character of the grounds assigned in support of the motion."Harris v. State, 33 Ala. App. 623, 624, 36 So.2d 254 (1948). The trial judge should not be made to cast about for reasons why a statute might be unconstitutional.
Furthermore, we find the substance of the defendant's argument without merit. Perry was convicted for a violation of § 13A-12-196, which provides:
 "Any parent or guardian who knowingly permits or allows their child, ward, or dependent under the age of 17 years to engage in the production of any obscene matter containing a visual reproduction of such child, ward, or dependent under the age of 17 years engaged in any act of sado-masochistic abuse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct shall be guilty of a Class A felony."
The term "obscene" is defined in § 13A-12-190(13)(a): *Page 341 
 "When used to describe any matter that contains a visual reproduction of breast nudity, such term means matter that:
 "1. Applying contemporary local community standards, on the whole, appeals to the prurient interest; and
"2. Is patently offensive; and
 "3. On the whole, lacks serious literary, artistic, political or scientific value."
In this case, the indictment charged "breast nudity," which is defined in § 13A-12-190(10) as: "The lewd showing of the post-pubertal human female breasts below a point immediately above the top of the areola."
Miller v. California, 413 U.S. 15, 24-25, 93 S.Ct. 2607,2614-15, 37 L.Ed.2d 419 (1973), enunciated guidelines for the determination of what constitutes obscene, pornographic material subject to regulation under a state's police power.
 "[W]e now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.
 "The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, . . .; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. . . . If a state law that regulates obscene material is thus limited, as written or construed, the First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of constitutional claims when necessary." (Footnotes omitted.)
The incorporation of this definition of obscenity in Alabama's obscenity statutes, and in particular in § 13A-12-196 and §13A-12-190(13), satisfies the constitutional requirements of specificity and notice.
Furthermore, "the States are entitled to greater leeway in the regulation of pornographic depictions of children." NewYork v. Ferber, 458 U.S. 747, 756, 102 S.Ct. 3348, 3354,73 L.Ed.2d 1113 (1982).
 "The test for child pornography is separate from the obscenity standard enunciated in Miller, but may be compared to it for the purpose of clarity. The Miller formulation is adjusted in the following respects: A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole. We note that the distribution of descriptions or other depictions of sexual conduct, not otherwise obscene, which do not involve live performance or photographic or other visual reproduction of live performances, retains First Amendment protection. As with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant."
Ferber, 458 U.S. at 764-65, 102 S.Ct. at 3358.
Consequently, we find that § 13A-12-196 is constitutional. See Dannelley v. State, 397 So.2d 555, 570-71 (Ala.Cr.App.), cert. denied, 397 So.2d 577 (Ala.), cert. denied, 454 U.S. 856,102 S.Ct. 305, 70 L.Ed.2d 151 (1981).
 II
Section 13A-12-196 specifically requires that the parent "knowingly" permit the child to engage in the production of any obscene matter. "Knowingly" is defined in § 13A-12-190(4): "A person knows the nature of the matter when either of the following circumstances exist: a. The person *Page 342 
is aware of the character and content of the matter; or b. The person recklessly disregards circumstances suggesting the character and content of the matter."
As noted above, the indictment against Perry charged "breast nudity," which is defined in § 13A-12-190(10). Because "lewd," as used in that definition, is not defined by statute, it must be given its "natural, plain, ordinary, and commonly understood meaning." Alabama Farm Bureau Mutual Casualty Insurance Co. v.City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). "Lewd" is defined as "[o]bscene, lustful, indecent, lascivious, lecherous. The term imports a lascivious intent. It signifies that form of immorality which has relation to moral impurity, . . . or that which is carried on in a wanton manner." Black'sLaw Dictionary 817 (rev. 5th ed. 1979). "Lewd" means "1. inclined to, characterized by, or inciting to lust or lechery; lascivious. 2. obscene or indecent. . . ." The Random HouseDictionary of the English Language 1106 (2d ed. 1987). See also similar definitions in 25 Words and Phrases Lewd (1961).
In this case, the photographs were discovered in locked file cabinets belonging to the defendant. The photographs were of the defendant's 15-year-old daughter, K.P., and her 14-year-old friend. The two girls were either naked or dressed in negligees. K.P. testified that in September 1987, she and her friend posed for her father. At trial, K.P. identified various photographs of herself and her friend, including pictures of herself clothed in "a fatigue jacket and a G-string sort of like bathing suit," a black beret, and holding a fake machine gune. K.P. was photographed with "shackles and chains" and in a slip and panties by the pool. Both K.P. and her friend testified that the defendant allowed them to drink alcoholic beverages. The defendant's argument that the State did not prove that the defendant took the photographs "to satisfy some lustful urges" is totally without merit.
 III
The defendant has no constitutional right to possess child pornography in his home. Felton v. State, 526 So.2d 635, 636-37
(Ala.Cr.App. 1986), affirmed, Ex parte Felton, 526 So.2d 638
(Ala. 1988). Additionally, our search of the record does not disclose that this issue was preserved for review by proper and timely objection in the trial court.
 IV
The defendant maintains that the consolidation of the indictment for trial was improper because "[t]here was absolutely no evidence presented . . . that any of the acts of the two [indictments] were of a similar character; were based on the same conduct or connected in their commission; or were part of a common scheme or plan as required in Rule 15.3(a) of the Alabama Rules of Criminal Procedure." This argument is without merit. K.P. testified that the sexual abuse occurred "one time after the pictures had started." Evidence of the sexual abuse would have been admissible, even had the charges not been consolidated, to prove the defendantknowingly permitted or allowed his child to engage in the production of any obscene matter under § 13A-12-196 and that the "breast nudity" constituted a "lewd showing" under §13A-12-190(10).
For these reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.