Richard M. Cole appeals from his conviction on four charges of the production of obscene matter containing a visual reproduction of a person under 17 years of age, a violation of § 13A-12-197, Ala. Code 1975; one charge of permitting his minor child to engage in the production of obscene matter involving that child, a violation of § 13A-12-196, Ala. Code 1975; and three charges of enticing a child under the age of 16 to enter his residence for immoral purposes, a violation of § 13A-6-69, Ala. Code 1975. The trial court sentenced Cole to life imprisonment, and ordered him to pay a $10,000 fine, a $10,000 victims compensation assessment, *Page 257 
full restitution, and court costs for each charge of producing obscene matter with a juvenile. The sentences were to be served concurrently. The trial court then sentenced Cole to life imprisonment, and ordered him to pay a $20,000 fine, a $10,000 victims compensation assessment, full restitution, and court costs on the charge of a parent permitting his minor child to engage in the production of obscene matter. This sentence was to be served consecutively to the sentences imposed for producing obscene matter. The trial court also sentenced Cole to three terms of five years' imprisonment, and ordered him to pay a $10,000 victims compensation assessment, full restitution, and court costs for each charge of enticing a minor child to enter his residence for immoral purposes. These sentences were to be served consecutively to the other sentences. This appeal follows. After considering all of the arguments presented by the appellant, we affirm.
The State's evidence tends to show the following. On several occasions between February 1996 and April 1996, Cole invited into his home J.J., K.S., and B.M., 12- and 13-year-old boys who were friends and classmates of his 13-year-old son R.C. R.C. would also be present on these occasions. Cole would have the boys remove their clothes. Sometimes he would make them take showers and then take their clothes to wash them, leaving the boys nude for two hours or so; sometimes Cole would make the boys take their clothes off before sitting on the furniture in the living room. Cole would often walk around the house nude in the presence of the boys. On several occasions, Cole would show the boys, while they were unclothed, pornographic videos and Playboy and Penthouse magazines. He would then masturbate in front of the boys and invite them to do likewise. According to the boys, Cole would take Polaroid pictures of the boys while they were naked. On one occasion, Cole told K.S. to take a shower, and while he was showering, Cole pulled back the shower curtain and took a picture of K.S. that displayed his genitals. He also took pictures of B.M. that showed him naked, and he took pictures of R.C. and J.J. and K.S. that displayed their penises in a state of erection. He showed some of the boys a "blow-up doll" and invited them to simulate sexual intercourse using the doll. He also invited the boys to use a "penis pump" for their sexual gratification. Cole warned the boys not to tell anyone what they were doing in his home, because he could "get in trouble with the cops."
 I.
Cole argues that the trial court erred when it failed to grant his motion for a judgment of acquittal on the charges that he violated § 13A-12-196 and § 13A-12-197, Ala. Code 1975, [1] because, he says, the State failed to produce any obscene photographs depicting minors. Specifically, Cole argues that, as a matter of law, the prosecution could not present a prima facie case of producing obscene matter containing a visual reproduction of a person under the age of 17 years of age without introducing into evidence the photographs he allegedly took. Cole argues that, because the actual photographs were not introduced into evidence, the factfinder could not determine whether they were obscene, and without that determination, a conviction could not be had. We disagree.
This question presents a case of first impression in Alabama. We reject the appellant's contention that, in order to obtain a conviction for a violation of § 13A-12-196 or -197, the State had to produce the photographs he was alleged to have taken. We *Page 258 
agree with the analysis of the Wisconsin Court of Appeals inState v. Lubotsky, 148 Wis.2d 435, 434 N.W.2d 859
(Wis.Ct.App. 1988), that to require the State to produce the photographs to obtain a conviction under Wisconsin statutes substantially similar to § 13A-12-196 or § 13A-12-197
would be adding an element to the offenses proscribed by the statutes. Section 13A-12-196 and § 13A-12-197 are both directed against the creation of obscene materials, not the possession of those materials.[2] "Certainly, the person who takes numerous lewd photographs and is able to dispose of them . . . is no less culpable than someone with one lewd photograph hidden in a wallet." State v. Lubotsky,148 Wis.2d at 440, 434 N.W.2d at 861.
 "The trial court's denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App. 1978). In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App. 1983). When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. McConnell v. State, 429 So.2d 662 (Ala.Cr.App. 1983)."
Ward v. State, 610 So.2d 1190, 1191 (Ala.Cr.App. 1992). In this case, the jury had sufficient evidence, if believed, on which to find Cole guilty of each of the charges under § 13A-12-196 and § 13A-12-197. Therefore, the trial court did not err in denying Cole's motion for a judgment of acquittal.
Cole cites cases construing Alabama's general obscenity laws, found in § 13A-12-200.1, et.al., Ala. Code 1975, which incorporate the test for determining whether material is obscene found in Miller v. California, 413 U.S. 15,93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Under the Miller
test, material is obscene if "(a) . . . `the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest . . .; (b) . . . the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) . . . the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."413 U.S. at 24, 93 S.Ct. 2607.
However, in New York v. Ferber, 458 U.S. 747,102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the Supreme Court recognized the danger to children created by the proliferation of child pornography and was "persuaded that the States are entitled to greater leeway in the regulation of pornographic depictions of children." 458 U.S. at 756, 102 S.Ct. 3348. In doing so, the Court created a separate test for child pornography by adjusting the Miller test "`in the following respects: A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that the sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole.'" Poole v. State, 596 So.2d 632, 637
(Ala.Cr.App. 1992), quoting New York v. Ferber,458 U.S. at 764, 102 S.Ct. 3348.
Two years after Ferber was decided, the Alabama Legislature rewrote the child pornography statutes found in § 13A-12-190 through § 13A-12-197, Ala. Code 1975. Section 13A-12-197 was changed so that there was no requirement that the act the child is depicted as engaging in be obscene. Also, the word "nudity" was modified so as to include "breast nudity" and "genital nudity." In § 13A-12-190(13), Ala. Code 1975, the legislature provided a new two-part definition for the term "obscene":
 "(a) When used to describe any matter that contains a visual reproduction of breast nudity, such term means matter that: *Page 259 
 "1. Applying contemporary local community standards, on the whole, appeals to the prurient interest; and
 "2. Is patently offensive; and
 "3. On the whole, lacks serious literary, artistic, political, or scientific value.
 "(b) When used to describe matter that contains a visual reproduction of an act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct, such term means matter containing such a visual reproduction that itself lacks serious literary, artistic, political, or scientific value."
Thus, the Miller test is applicable only to depictions of breast nudity, and is not applicable to the matter alleged in this case: visual reproductions of sexual excitement and genital nudity. Under § 13A-12-190(13), Ala. Code 1975, to be "obscene," the depictions of sexual conduct alleged in this case need only lack "serious literary, artistic, political, or scientific value" to come within the ambit of § 13A-12-196
or -197. "Obscene," as applied in this case, simply does not mean "obscene under the Miller test." Poole v.State, 596 So.2d at 638-39.
The trial court properly instructed the jury on the standard of obscenity under § 13A-12-190(13)(b) and also instructed it that "genital nudity means the lewd showing of the genitals or pubic area." (R. 419-20.)
We believe that the circumstances surrounding the alleged production of the photographs of the children in this case can give rise to the reasonable inference that those photographs of genital nudity were lewd and that all the photographs lacked serious literary, artistic, political, or scientific value.Poole v. State, 596 So.2d at 640.
In this case, there was ample evidence before the jury that Cole took photographs of the young boys after urging or manipulating them into removing their clothes and while appealing to their awakening sexual curiosity by supplying them with pornographic movies, magazines depicting nude women, and a variety of "sex toys." There was evidence that Cole displayed those photographs to the four boys and to others. (R. 30-35, 136-38, 150, 174-77.) Given the evidence presented, the jury could have reasonably inferred that Cole did take the photographs of the boys and that the photographs lacked any serious literary, artistic, political, or scientific value and were therefore obscene.
 II.
Cole also argues that the trial court erred in not granting his motion for a judgment of acquittal because, he says, the State failed to produce any testimony by an expert witness concerning local community standards of what is obscene. This argument, however, was not preserved for appellate review because it was never presented to the trial court to allow that court to make a ruling on this issue. Buice v. State, 574 So.2d 55, 57
(Ala.Cr.App. 1990), cert. denied, 574 So.2d 55
(Ala.Cr.App. 1991); Goodwin v. State, 641 So.2d 1289,1291 (Ala.Cr.App.), cert. denied, 641 So.2d 1289 (Ala.Cr.App. 1994). However, even if it had been preserved, the argument would have no merit, because, according to § 13A-12-190(13), a review of local community standards of obscenity is not necessary to convict a defendant of producing obscene matter containing a visual reproduction of a person under the age of 17 years of age, in violation of § 13A-12-196 or § 13A-12-197, Ala. Code 1975, unless the visual depictions include breast nudity. Here, the allegations were only of visual depictions of sexual excitement and genital nudity.
 III.
Cole argues that he was denied a fair trial on the charges of enticing a child to enter his residence for immoral purposes, a violation of § 13A-6-69, Ala. Code 1975, because the trial court denied his motion for a judgment of acquittal on the charges that he violated § 13A-12-196 and § 13A-12-197, Ala. Code 1975. Cole's entire argument, in his own words, is, "Because the jurors heard the testimony concerning the taking and viewing of photographs of minors prejudice must have [inured] to the Defendant which had a `bleeding-over' effect into his other cases." *Page 260 
This issue was not preserved for appellate review; the record contains no objection to the consolidation of the charges to be tried together, no motion to sever the charges, and no motion or claim of entitlement to a new trial because of the alleged "bleeding-over effect" on the charges under § 13A-6-69.Minter v. State, 543 So.2d 202, 203 (Ala.Cr.App. 1989). Because it is being raised for the first time on appeal, there is no adverse ruling for this court to review. Leonard v.State, 551 So.2d 1143, 1146 (Ala.Cr.App.), cert. denied,551 So.2d 1143 (Ala.Cr.App. 1991).
 IV.
Cole argues that § 13A-12-196 and § 13A-12-197, Ala. Code 1975, are "unconstitutional for being overbroad and void for vagueness." He states the following in his brief to this Court: "To be sure, in reading excerpted elements from these statutes, a citizen could be found guilty of the foregoing for taking baby pictures. All that is required now (by the legislature) is that a person knowingly photographs the genitalia (`nudity') of a child under the age of seventeen (17) years."
Cole made a general assertion of the unconstitutionality of these statutes before the trial judge on the first day of trial. The State argues that Cole's motion was untimely and should, therefore, not preserve this issue for review. However, because the trial judge allowed the motion, and ruled on the issue of the constitutionality of the statutes, we will look beyond the timeliness issue.
We believe that because the motion at trial was so general, it preserved nothing for review. In a motion submitted to the trial court entitled "Motion to Dismiss for Conceded Lack of Evidence," Cole included the following language: "The collective statutes utilized in this case are all unconstitutional; should be void for vagueness; are overbroad and are ambiguous. To be sure, the statute (13A-12-197) makes it a Class A felony to take the picture of a naked child (`genital nudity'). Which, in effect, makes it a `high crime' to take BABY PICTURES." At trial, Cole, while arguing that the charges should be dismissed because the State could not introduce the pictures Cole was charged with creating, argued, "We would cite to the Court specifically that this statute is overbroad from a Constitutional standpoint. Overbroad in that [it] bleeds into conduct that is otherwise legal." He then gave his "baby picture" example. The State made no argument concerning the "constitutional issue" and the trial court ruled, "With regard to the constitutionality, I have reviewed the statute and notations and do not find that the statute is overly broad or vague, thus I deny your motion to dismiss for unconstitutionality of the statute." (R. 9.)
Because of the general and nonspecific character of the grounds assigned in support of Cole's motion, we cannot say the trial court's ruling was in error. Perry v. State,568 So.2d 339, 340 (Ala.Cr.App. 1990). If Cole wanted to challenge the constitutionality of § 13A-12-196 and § 13A-12-197, he had the burden of establishing the statutes's invalidity.Craig v. State, 410 So.2d 449, 453 (Ala.Cr.App. 1981). A general conclusory statement that does not even set out with specificity the statutes the challenger believes are unconstitutional, does not meet that burden. "The trial court should not be made to cast about for reasons why a statute might be unconstitutional." Perry v. State, 568 So.2d at 340. Therefore, Cole has not preserved this issue for review.
Even if this issue had been preserved for review, the question of the constitutionality of the child pornography statutes has already been decided. In Perry v. State,568 So.2d at 341, this court determined that the incorporation in § 13A-12-196 and -197 of the language defining obscenity in § 13A-12-190 "satisfies the constitutional requirements of specificity and notice." Thus, § 13A-12-196 and § 13A-12-197 have already withstood a constitutional challenge. See Dannelley v. State, 397 So.2d 555, 570-71
(Ala.Cr.App.), cert. denied, 397 So.2d 577 (Ala.), cert. denied,454 U.S. 856, 102 S.Ct. 305, 70 L.Ed.2d 151 (1981).
AFFIRMED.
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
[1] Section 13A-12-196 reads as follows:
 "Any parent or guardian who knowingly permits or allows their child, ward, or dependent under the age of 17 years to engage in the production of any obscene matter containing a visual reproduction of such child, ward, or dependent under the age of 17 years engaged in any act of sado-masochistic abuse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct shall be guilty of a Class A felony."
Section 13A-12-197 reads as follows:
 "Any person who knowingly films, prints, records, photographs, or otherwise produces any obscene matter that contains a visual reproduction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, breast nudity, genital nudity, or other sexual conduct shall be guilty of a Class A felony."
[2] In Dannelley v. State, 397 So.2d 555, 570
(Ala.Cr.App.), cert. denied, 397 So.2d 577 (Ala.), cert. denied,454 U.S. 856, 102 S.Ct. 305, 70 L.Ed.2d 151 (1981), this court noted that the Legislature's intent in these sections was to remedy the evil involved in the production of child pornography — "the sexual abuse of innocent and helpless children in front of a camera." *Page 261