State of Wisconsin, Plaintiff-Respondent,
v.
Kenneth J. Piltz, Defendant-Appellant.
No. 04-1010-CR.
Court of Appeals of Wisconsin.
Opinion Filed: November 24, 2004.
¶1 DEININGER, P.J.[1]
Kenneth Piltz appeals a judgment convicting him of lewd and lascivious behavior in public. He claims that, because neither the criminal complaint nor the judgment of conviction cites the correct statutory paragraph describing the offense of which he was found guilty, the State failed to present sufficient evidence to convict him of the charged crime and we must therefore order his conviction reversed. He also argues that, even if we permit the judgment to be modified to cite the proper paragraph, the State still presented insufficient evidence to prove beyond a reasonable doubt that he is guilty of the offense. Because the erroneous statutory citation is a clerical error that in no way prejudiced Piltz, it provides no basis for us to reverse his conviction. We also conclude that the evidence presented at trial was sufficient to sustain the jury's guilty verdict for the crime of which Piltz was accused. Accordingly, we affirm the appealed judgment, as modified to reflect the correct statutory paragraph for the offense Piltz committed.

BACKGROUND
¶2 The Wood County District Attorney's Office charged Kenneth Piltz, with six felonies and four misdemeanors. One of the misdemeanor charges was for "publicly and indecently expos[ing] his genitals contrary to § 944.20(1)(a)" (underlining added). WISCONSIN STAT. § 944.20(1)(a) makes it a Class A misdemeanor to commit "an indecent act of sexual gratification with another with knowledge that they are in the presence of others." Paragraph (b) of the statute provides that the misdemeanor captioned "[l]ewd and lascivious behavior" is also committed by one who "[p]ublicly and indecently exposes genitals or pubic area." Section 944.20(1)(b).
¶3 At the commencement of Piltz's trial, the court informed jurors that the behavior alleged in the challenged count is known as "lewd and lascivious behavior" and that it "is committed by one who publicly and indecently exposes genitals or pubic area." The court also instructed the jury on the elements of lewd and lascivious behavior as charged:
The first element requires that the Defendant exposed his genitals. Exposed means to exhibit to the view of other person or persons. The second element requires that the Defendant exposed his genitals publicly. That is not in a hidden manner, but open view. Publicly means at such a place or manner that the person knows or has reason to know that the conduct is observable by or in the presence of other persons.
The third element requires that the Defendant exposed his genitals indecently.
¶4 Two girls testified at trial that Piltz appeared before them, naked, in his living room late one night while the girls were playing, and that each saw his penis. This had occurred, according to the girls' testimony, when they were ten and twelve years old. Piltz also testified. He admitted that it was "possible" that he had appeared naked before the girls because he did sleep in the nude, he had been awakened in the early morning hours and he had gone to the living room to tell the girls to be quiet. The jury returned verdicts acquitting Piltz on nine counts but finding him guilty of lewd and lascivious behavior for the late night incident that the girls described. The judgment of conviction, like the complaint, cites WIS. STAT. § 944.20(1)(a) as the statute Piltz violated. The court placed Piltz on twoyears' probation with nine months in jail as a condition. Piltz appeals.

ANALYSIS
¶5 Neither the trial court nor counsel apparently noticed that the complaint referred to the wrong paragraph of WIS. STAT. § 944.20(1) as describing the conduct of which Piltz was accused and found guilty. Both the complaint and the subsequent judgment of conviction cite paragraph (a), which criminalizes an "indecent act of sexual gratification with another" knowingly done "in the presence of others," instead of paragraph (b), which prohibits publicly and indecently exposing one's genitals or pubic area. There is no dispute, however, that the allegations of the complaint, the testimony at trial, the court's instructions to the jury and the arguments of counsel, all described or related to an alleged violation of paragraph (b).
¶6 Had Piltz moved to dismiss the charge in question before trial, or at the close of the State's case or of all evidence, the trial court could easily have corrected the error by ordering the complaint amended to reflect the correct statutory paragraph that criminalizes the conduct that both parties understood comprised the State's charge. Piltz did not do so, however. Because he first raises the error in the identification of the proper statutory paragraph on appeal, we conclude that he has waived the right to do so by not timely raising the issue in the trial court. See WIS. STAT. § 971.31(2) (providing that "defenses and objections based on defects in ... [or] insufficiency of the complaint ... shall be raised before trial by motion or be deemed waived," except that a court may "entertain" the motion "at the trial").
¶7 To avoid waiver, Piltz attempts to clothe his argument in terms of insufficiency of the evidence. See State v. Hayes, 2004 WI 80, ¶54, 273 Wis. 2d 1, 681 N.W.2d 203 ("A challenge to the sufficiency of the evidence ... [may] be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court."). He points out that the State presented no evidence that he had violated WIS. STAT. § 944.20(1)(a). This is, of course, a true statement because the State, the trial court, Piltz and his trial counsel all knew that the State was prosecuting him for violating § 944.20(1)(b) for publicly and indecently exposing his genitals. Except as to his later argument that the evidence was also insufficient to convict him of violating § 944.20(1)(b), we reject Piltz's attempt to convert a technical pleading error into a lack of proof that he committed the crime for which he was prosecuted.
¶8 We note further that WIS. STAT. § 971.26 provides that "[n]o indictment, information, or complaint shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which does not tend to the prejudice of the defendant." The quoted statute applies to erroneous statutory citations in a charging document. See State v. Craig, 55 Wis. 2d 489, 493, 198 N.W.2d 609 (1972) ("[T]he failure to correctly cite the specific statutory subsection in the information and subsequently issued certificate of conviction is a technical defect governed by [identically worded predecessor of § 971.26]."). Piltz does not claim that he was prejudiced by the clerical error, nor could he do so. As we have described, the complaint alleged conduct that violated WIS. STAT. § 944.20(1)(b), the State presented evidence of that violation, Piltz defended against the charge and the jury was properly instructed on it.
¶9 We thus reject Piltz's first claim of error. He also contends, however, that the State failed to prove beyond a reasonable doubt that he publicly and indecently exposed his genitals as prohibited by WIS. STAT. § 944.20(1)(b). We will not reverse a criminal conviction for insufficiency of the evidence "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).
¶10 As the trial court instructed the jury, the offense in question has three elements: (1) the defendant exposed his genitals, (2) publicly, and (3) indecently. See WIS JICRIMINAL 1544. Piltz does not expressly challenge the proof on the first two elements, although his argument suggests that his exposure was not done "publicly" because it occurred in his own home. The jury instruction committee has chosen to define "publicly" as follows: "in such a place or manner that the person knows or has reason to know that the conduct is observable by or in the presence of other persons." The committee explains that it adapted the definition from that of "in public" in WIS. STAT. §§ 944.15(1) and 944.17(1). See WIS JI CRIMINAL 1544, n.1. Piltz does not argue that "publicly" is incorrectly defined in the instruction. We conclude that jurors could reasonably conclude beyond a reasonable doubt from the testimony at trial that Piltz knowingly appeared nude before two pre-teen girls, thus exposing his genitals in such a place and manner that he knew or had reason to know that he was doing so in the presence of other persons.
¶11 Piltz's principal contention is that there was no evidence at trial showing that the exposure of his genitals was "indecent." He argues, correctly, that the simple fact of exposure of one's genitals, standing alone, cannot be a violation of the statute because the statute requires something more: that the exposure be indecent. Piltz claims that for his exposure to be found indecent, it would have to be shown to be "characterized by ... lust or lechery" or "inciting to sensual desire or imagination," which are definitions of "lewd" that we embraced in State v. Lubotsky, 148 Wis. 2d 435, 438-39, 434 N.W.2d 859 (Ct. App. 1988). Because the State did not present evidence that Piltz was attempting "to arouse himself or the girls," or that he touched himself or had an erection, Piltz maintains there was a complete failure of proof on the third element requiring that the exposure be indecent.
¶12 Our discussion in Lubotsky involved the term "lewd," not "indecent," and our discussion of the meaning of the former term is not helpful to us here. Neither WIS. STAT. § 944.20 nor WIS JICRIMINAL 1544 provides a definition of "indecent" or "indecently." We may thus turn to a dictionary definition to ascertain the term's "ordinary and accepted meaning." Lubotsky, 148 Wis. 2d at 438. One dictionary defines "indecent" as "offending against generally accepted standards of propriety or good taste; improper; vulgar." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 970 (2d ed. 1987). The question thus becomes whether the State presented sufficient evidence for jurors to reasonably conclude beyond a reasonable doubt that Piltz, by appearing naked and exposing his genitals before two preteen girls, behaved in a way that offended "against generally accepted standards of propriety" or that was "improper" or "vulgar."
¶13 We conclude that the testimony at trial was sufficient to establish the element of indecency to the requisite standard. In its closing argument, the State gave jurors an example of an exposure of genitals that would not be deemed indecent, and therefore would not be criminal: an exposure before a doctor or nurse during the course of a medical exam or treatment. To the State's example we might add a model's exposure of genitals before art students while posing as the subject of a painting, or even an actor's exposure before an audience of adults at a theatrical production. These examples stand in stark contrast with the evidence at trial that Piltz, a forty-year-old man, knowingly presented himself naked before two girls, aged ten- and twelve-years-old, late at night in his living room. Viewed in the light most favorable to the State, this evidence was sufficient for reasonable jurors to conclude beyond a reasonable doubt that Piltz's exposure of his genitals was "against generally accepted standards of propriety" and was therefore "indecent."

CONCLUSION
¶14 For the reasons discussed above we affirm the appealed judgment. On remand, the clerk of court shall amend the judgment of conviction to reflect that Piltz was found guilty and convicted of violating WIS. STAT. § 944.20(1)(b).
By the Court.  Judgment modified and, as modified, affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.